IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-125-D

| | |
|---|---|
| ERNESTO CARABALLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-22 & 24). Plaintiff has filed a response (DE-26), and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-27). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income on April 13, 2009, alleging disability beginning March 1, 2009. (Tr. 16). His claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated August 25, 2010. *Id.* at 16-24. The Social Security

Administration's Office of Disability Adjudication and Review denied Plaintiff's request for review on June 13, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1. Plaintiff filed the instant action on June 29, 2012. (DE-5).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial

2

evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2009. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) cardiomyopathy; 2) diabetes mellitus with neuropathy; and 3) obesity. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work. *Id*. at 18-19. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform sedentary work, as defined in 20 CFR 416.967(a), except that pushing-pulling is limited to the sedentary level, no foot control operations, and no climbing of ladders, ropes or scaffolds. The claimant can occasionally climb ramps or stairs, frequently balance, crouch, kneel or crawl. He should avoid exposure to extreme heat-cold or poorly ventilated areas, moving machinery or unprotected heights.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform his past relevant work. *Id*. at 22. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 23. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from April 13, 2009 through August 25, 2010. *Id*. at 24.

**The ALJ did not adequately address the disability determination of another agency**

On December 10, 2009, the North Carolina Department of Health and Human Services ("NCDHHS") applied federal Social Security regulations and determined that Plaintiff was disabled as of January 2009. *Id*. at 104. The ALJ only mentions this decision in passing, noting

4

that: 1) he "considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p."; and 2) Plaintiff received "Medicaid approval in December 2009." *Id*. at 19. There is no discussion or analysis regarding the weight given the NCDHHS decision. Defendant concedes that "[t]he ALJ did not explain his consideration of the Medicaid decision." (DE-25, pg. 12).

An ALJ is required to consider decisions of other agencies, including Medicaid decisions, on a claimant's disability. *See,* Soc. Sec. Ruling 06–03p, 2006 WL 2329939, at *6–7 ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). "These decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." *Id*. at *7. Failure to discuss a Medicaid decision requires remand. Batchelor v. Colvin, 2013 WL 1810599, * 3(E.D.N.C. 2013)("This court has repeatedly held that where an ALJ fails to mention disability determinations by other governmental agencies, this constitutes error necessitating remand to the Commissioner for further consideration and remand"); Davis v. Astrue, 2012 WL 555782, *5 (E.D.N.C. 2012)("In the present case, the ALJ not only failed to explain the consideration given, but completely failed to even acknowledge the NCDHHS decision. In such cases, this Court has determined that remand is necessary to allow the ALJ to consider the NCDHHS decision and explain its consideration in the ALJ's analysis."), *Report and Recommendation Adopted by*, 2012 WL 555304; Walton v. Astrue, 2010 WL 2772498, *1 (E.D.N.C. 2010) (remanding for further consideration where "the ALJ said nothing [regarding the NCDHHS decision], and SSR06–3p requires more than 'nothing' "); Bridgeman v. Astrue, 2008 WL 1803619, at *10 (E.D.N.C. 2008) (remanding for further explanation where ALJ mentioned Medicaid ruling, but dismissed

5

its relevance without discussion).

Moreover, the ALJ's error here is not harmless. Batchelor, 2013 WL 1810599, *3 ("A procedural error is not made harmless simply because the aggrieved party appears to have had little chance of success anyway")(quotation omitted). *See also*, Bird v. Comm'r. of Soc.Sec., 699 F.3d 337, 343 (4th Cir. 2012)("under the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered"); Suggs v. Astrue, 2013 WL 466406, * 3-4 (E.D.N.C. February 7, 2013)(failure of ALJ to discuss favorable disability determination of another agency is not harmless error). The ALJ's failure to discuss and explicitly assign weight to the December 10, 2009 NCDHHS disability determination requires remand. Batchelor, 2013 WL 1810599, * 3 ("remand is appropriate to permit the ALJ to consider the NCDHHS decision and state what weight, if any, it is given in the ALJ's analysis").

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-22) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-24) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, May 31, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE